IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS INC., a Utah corporation; GRASS VALLEY HOLDINGS L.P., DOES 1-10, and ROE CORPORATIONS I-X, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND <br><br><br> Case No. 2:14-CV-266 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff initially filed this action in the Fourth Judicial Court in and for Utah County, State of Utah, on February 1, 2013. Plaintiff alleges that the parties entered into an agreement whereby Plaintiff would purchase certain assets belonging to Defendants. Plaintiff alleges that, after the parties reached an agreement, Defendants backed out of the deal. It is alleged that part of the reason for Defendants' action was that Defendants received a substantial offer from another company, later identified as Standard Plumbing Company ("Standard Plumbing"). Ultimately, the agreement between Plaintiff and Defendants was never consummated.

In its state court Complaint, Plaintiff asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, and detrimental reliance. The parties engaged in

1

significant litigation before the state court, including the disposition of a motion to dismiss and a motion to release lis pendens.

On January 3, 2014, Plaintiff filed a motion seeking to amend its Complaint. The proposed Amended Complaint sought to add new Defendants, including Standard Plumbing, and new claims for fraud, intentional interference with contract, intentional interference with prospective economic relations, unfair competition, and negligent misrepresentation. With respect to its proposed unfair competition claim, Plaintiff alleged that it had obtained exclusive rights to certain trademarks and that Defendants were infringing on those trademarks.

In addition to the Motion to Amend, two additional motions, including a motion for summary judgment, were pending before the state court at the time of removal. The state court was scheduled to hear the motions on April 28, 2014. However, before the state court could rule on the motions, Defendants filed their notice of removal.

In addition to the proceedings in state court, Standard Plumbing filed suit against Plaintiff in this Court on March 31, 2014. Defendants are not parties to that action. Standard Plumbing alleges that it, not Plaintiff, purchased certain assets from Defendants, including U.S. Trademark No. 1,996,986. Standard Plumbing seeks declaratory judgment concerning: (1) non-infringement of the '986 mark, (2) ownership of the '986 mark, (3) validity and enforceability of a purchase agreement between Standard Plumbing and Harward, (4) non-interference with contractual relations and prospective economic relations and no unfair competition, and (5) invalidity of the lis pendens.

II. DISCUSSION

Federal courts are courts of limited jurisdiction and must have a statutory basis for their jurisdiction.[1] "Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[2] The removing party bears the burden of establishing the requirements for federal jurisdiction.[3]

28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[4]

However,

if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[5]

"The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."[6]

The parties appear to agree that this case was not initially removable. Thus, the Court must consider whether this action became removable based on "a copy of an amended pleading,

---

[1] *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

[2] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

[3] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[4] 28 U.S.C. § 1446(b)(1).

[5] *Id.* § 1446(b)(3).

[6] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (citation and internal quotation marks omitted).

motion, order or other paper." Defendants argue that two things, in combination, made this case removable: (1) the proposed Amended Complaint in the state court case; and (2) the declaratory judgment complaint filed in this Court by Standard Plumbing. As will be discussed below, neither document, either singly or in combination, allows for removal.

The majority rule is "that a plaintiff's moving papers in state court generally do not create a right to remove under Section 1446(b); rather, the event triggering a right to remove is a state-court order granting a plaintiff's motion."[7] As the District Court for the District of New Mexico recently stated,

> A proposed pleading has no effect on the claims asserted in a case until the judge approves that pleading for filing. While a proposed pleading might inform a defendant that it will soon have a chance to remove once the state court approved the pleading for filing, a defendant cannot properly remove a case containing no claims over which a court has subject-matter jurisdiction.[8]

The Seventh Circuit Court of Appeals similarly explained the reasoning behind the majority rule as follows. "Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion."[9]

Defendants correctly argue that "[s]ome courts have recognized that a motion seeking leave to amend could trigger an obligation to remove a case."[10] However, "those cases normally deal with situations where information in the motion indicates that the amount-in-controversy

---

[7] *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007) (collecting cases).

[8] *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1298 (D. N.M. 2011).

[9] *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).

[10] *Zamora*, 831 F. Supp. 2d at 1298.

4

requirement would be satisfied for diversity jurisdiction."[11]  Further, "many courts have not followed that reasoning when the state court had discretion to deny the motion to amend."[12]

Defendants further rely on *Caterpillar Inc. v. Lewis*,[13] in support of their claim that removal is proper.  In that case, there was a lack of complete diversity at the time of removal.  However, the district court erroneously failed to remand the case.  Prior to trial, the non-diverse defendant had been dismissed as a party and therefore complete diversity existed when the case went to trial and judgment was entered.  The Court of Appeals vacated the judgment based on absence of complete diversity at the time of removal.

The Supreme Court reversed, holding "that a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered."[14]  The Court found that "[o]nce a diversity case has been tried in federal court . . . considerations of finality efficiency, and economy become overwhelming."[15]  "To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."[16]

The "considerations of finality efficiency, and economy" at issue in *Caterpillar* are simply not present in this case.  This is not a case that has proceeded to trial and final judgment

---

[11] *Id.*

[12] *Id.*

[13] 519 U.S. 61 (1996).

[14] *Id.* at 64.

[15] *Id.* at 75.

[16] *Id.* at 77.

5

while a procedural defect was present. Rather, this case has been recently removed and Plaintiff has timely filed its Motion to Remand. Thus, Defendants' reliance on *Caterpillar* is inapposite. Therefore, the Court will follow the majority rule that a proposed pleading is not enough to invoke this Court's jurisdiction.

Even if the rule were otherwise, Defendants' reliance on the proposed Amended Complaint would still be insufficient to permit removal. As stated, Plaintiff sought leave to file its Amended Complaint on January 3, 2014. Defendants, however, waited until April 14, 2014, to file its Notice of Removal. Section 1446(b)(3) requires a notice of removal be filed within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[17] Assuming that the proposed Amended Complaint did present a federal question—something the Court need not decide—Defendants simply waited too long to file their Notice of Removal based upon that document. As a result, the Court must turn to Defendants' second basis for jurisdiction: Standard Plumbing's complaint for declaratory judgment.

As stated, 28 U.S.C. § 1446(b)(3) allows for removal based upon an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants argue that Standard Plumbing's complaint can be considered as the "other paper" allowing for removal. The Court disagrees.

The general rule is "that documents generated in cases separate from a case as to which removal is sought are neither orders nor other paper within the meaning of 28 U.S.C. §

---

[17] 28 U.S.C. § 1446(b)(3).

1446(b)."[18] Rather, "an 'other paper' for the purposes of § 1446(b) is one that is 'generated within the specific state proceeding which has been removed.'"[19] In certain circumstances, a decision by a court in an unrelated case can constitute an "order" under § 1446(b).[20] But there is no such order here.

In this case, Defendants seek to rely upon an action, to which they are not a party and which has been filed by an entity that is not a party to the instant action. While there may be some overlap between the issues presented in the two cases, this is insufficient to permit removal. As one court has stated, "the phrase 'other paper' utilized in Section 1446(b) cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same."[21] Therefore, the Court finds that Defendants have failed to point to anything permitting removal of this action.

In the event this matter is remanded, Plaintiff requests its attorney fees and costs. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[22]

---

[18] *Disher*, 487 F. Supp. 2d at 1016 (collecting cases).

[19] *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) (citing *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994)).

[20] *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir. 2001); *Doe v. Am. Red Cross*, 14 F.3d 196, 198 (3d Cir. 1993).

[21] *Growth Realty Cos. v. Burnac Mortg. Investors, Ltd.*, 474 F. Supp. 991, 996 (D. P.R. 1979).

[22] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Though a close question, the Court cannot find that, under the circumstances presented here, Defendants' removal lacked an objectively reasonable basis. Therefore, the Court will deny Plaintiff's request for attorney fees and costs.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 12) is GRANTED.

The Clerk of the Court is directed to transmit this matter to the Fourth Judicial District Court in and for Utah County, State of Utah and close this case forthwith.

DATED this 10th day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge